**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RICHARD J. BAKER,**

       **Plaintiff,**

v.                                                            **Case No. 3:08cv114/MCR**

**MAJOR LEAGUE BASEBALL
PROPERTIES, INC., et al.,**

       **Defendants.**

_____/

**O R D E R**

      Defendant Major League Baseball Players Association ("MLBPA") moves to dismiss Plaintiff Richard J. Baker's second amended complaint or, in the alternative, to transfer this action to the United States District Court for the Southern District of California. Defendants Major League Baseball Properties, Inc., and Major League Baseball Enterprises, Inc. (together, "MLB"), Padres, L.P. ("the Padres"), and World Baseball Classic, Inc. ("WBCI"), also move to dismiss or, in the alternative, move for a more definite statement. For the reasons stated below, the court GRANTS the motion to transfer and DENIES all other motions as moot.[1]

---

[1] The motions to dismiss filed by MLB, the Padres, and WBCI each raise lack of personal jurisdiction as a basis for dismissing plaintiff's second amended complaint. Courts generally consider such jurisdictional issues as a preliminary matter, given that "[a] court without personal jurisdiction is powerless to take further action." *Posner v. Essex Insurance Co., Ltd.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999); *see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir.1997). Because MLBPA does not challenge the court's *in personam* jurisdiction in its instant motion and because "a transfer of venue in this case would obviate the need to reach the merits of [the motions to dismiss]," the court first addresses MLBPA's motion to transfer this case to the Southern District of California. *See C.M.B. Foods, Inc. v. Corral of Middle, Georgia,* 396 F.Supp.2d 1283, 1285 (M.D.Ala. 2005). *See also Davis v. Metro Goldwyn Mayers Pictures*, 2007 WL 951754, *1 (M.D. Ala. 2007) (treating question of venue as threshold issue); *Summers - Wood, LP, v. Wolf*, 2008 WL 2229529, *2 (N.D.Fla. 2008) (same).

**Background**

Plaintiff alleges that while attending the 2006 World Baseball Classic Championship final game on March 20, 2006, at PETCO Park stadium in San Diego, California, he was injured when he fell while walking in one of the stadium's parking lots.  According to plaintiff, his injuries occurred as the result of the defendants' negligence in creating and failing to correct unsafe conditions in the parking lot for pedestrians.

Plaintiff invokes the court's diversity jurisdiction and asserts the court has personal jurisdiction over the defendants pursuant to § 48.193(s), Fla. Stat.  He further alleges that venue is proper "in consideration of forum nonconveniens and Section 1391(a) . . . ."[2]  The six-count second amended complaint asserts claims for premises liability (one count each against MLBPA, MLB, the Padres, and WBCI individually, and one count against all defendants jointly and severally) and negligence (one count against MLBPA or MLB or the Padres or WBCI ).  As relief for the premises liability claims, plaintiff seeks unspecified damages, costs, and interest; on the negligence claim plaintiff seeks $5,000,000 in damages, costs, expenses, and interest.

**Discussion**

Federal law requires a civil action to be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).  Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, in the interest of justice the district court may transfer a civil action to any other district where the action might have been brought. 28 U.S.C. § 1404(a).  S*ee generally Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (holding that the purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted); *Brown v. Conn. Gen. Life Ins. Co.*, 934

---

[2]   Doc. 66 at p. 5.

F.2d 1193, 1197 (11th Cir. 1991). The moving party bears the burden of establishing that a transfer of venue is warranted. The decision to transfer an action is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982).

The question of whether to transfer venue involves a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404(a). Thus as an initial matter this court must consider whether the instant action might have been brought in the United States District Court for the Southern District of California. If the plaintiff would have had a right to bring suit in the proposed transferee district at the commencement of the action, "independently of the wishes of [the] defendant," then the transferee district is a district where the action "might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Accordingly, to prevail on a motion to transfer venue pursuant to § 1404(a), the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district. *Id.* at 343-44. In this case, it is evident that venue is proper in the Southern District of California, where the events giving rise to plaintiff's claims took place. Further, based on the allegations of the second amended complaint, the Southern District of California should be able to exercise personal jurisdiction over the defendants, either as residents or as non-residents under California's long-arm statute. As to the issue of whether subject matter jurisdiction would lie in the proposed transferee district, upon review of plaintiff's claims it is readily apparent to this court that it would.

The second prong involved in analyzing whether transfer of venue is appropriate requires an element-by-element balancing of private and public factors. *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D.Fla. 2001); *Miot v. Kechijian*, 830 F.Supp. 1460, 1465-66 (S.D.Fla. 1993). Factors which may be considered in determining whether transfer is appropriate include: the convenience of witnesses; the location of relevant documentary evidence and the relative ease of access to sources of proof; the convenience of the parties; the locus of operative facts; the availability of process to compel the attendance of unwilling witnesses; the relative financial

means of the parties; a forum's familiarity with the governing law; the weight accorded a plaintiff's choice of forum; and trial efficiency and the interest of justice, based on a totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Summers-Wood, L.P., v. Wolf*, 2008 WL 229529 at *2; *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1376 (S.D.Fla. 2003) (citing *Van Dusen,* 376 U.S. at 616).

### Convenience of the Witnesses

This factor may be "'the single most important factor in the analysis whether a transfer should be granted.'" *Gonzalez v. Pirelli Tire, LLC*, 2008 WL 516847, *2 (S.D.Fla. 2008) (citation omitted). Plaintiff asserts it would be "terribly burdensome" to transfer this case to another district because his medical witnesses, three physicians in particular, reside in the Pensacola area. As MLBPA points out, however, a nonparty witness cannot be compelled to attend a deposition or trial that is more than one hundred miles from his residence. Fed.R.Civ.P. 45(c)(3)(A)(ii). Moreover, given that the distance from the Pensacola witnesses' residences to the Southern District of California exceeds one hundred miles, these witnesses' depositions could also be used at trial. Fed.R.Civ.P. 32(a)(3)(B). On the other side of the equation, as MLBPA suggests, the defendants will likely need to depose numerous witnesses residing in California, including those who can testify regarding the condition, maintenance, etc., of the stadium parking lot at the time plaintiff was injured. In short, it appears that it would be approximately equally convenient for the witnesses to litigate this case in the San Diego, California, area as opposed to the Pensacola, Florida, area.

### Location of Relevant Documents and Relative Ease of Access to Sources of Proof

Especially given the nature of plaintiff's premises liability claims, the court concludes the San Diego forum, where the events in the parking lot took place, would provide readier access to the sources of proof than would a forum over two thousand miles distant. Additionally, the only documents relevant to plaintiff's claims appear to be his medical and disability records, which should be equally available in either forum. This factor therefore favors transfer.

### Convenience of the Parties

Although the instant forum is favored by plaintiff, taking into consideration the

convenience of all parties the court concludes that this factor weighs in favor of transfer. MLBPA asserts that it would join several third party defendants, including the owner and the operator of the parking lot, if these parties were subject to the court's jurisdiction. According to MLBPA, however, absent a transfer of venue to the Southern District of California, these parties cannot be joined. If plaintiff should obtain a judgment in his favor in the instant forum and the defendants then wished to bring contribution or indemnity claims against these third parties, the defendants would be required to litigate their claims in California. The court agrees this would result in unnecessary litigation costs and inconvenience to the defendants.

### Locus of Operative Facts

This factor strongly favors transfer, as it appears that all of the relevant acts and/or omissions alleged by plaintiff in connection with his injury in the PETCO Park parking lot occurred in San Diego.[3]

### Availability of Process to Compel the Attendance of Witnesses

This factor is neutral as the Southern District of California will have the same authority and ability to compel witness attendance as does this court.

### Relative Financial Means of the Parties

MLBPA and the other corporate defendants clearly have greater means than plaintiff, an individual. This factor therefore mitigates against transfer. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994) (large corporation was better able to absorb litigation costs than was an individual plaintiff).

### Forum's Familiarity with Governing Law

There appears to be no dispute that California law will govern plaintiff's claims. While it may be "judicially desirable to have cases decided by a court familiar with the substantive law to be applied," any advantage to be gained by having a local court decide the case is "not generally considered a highly significant one." *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 991 (E.D.N.Y. 1991). Accordingly, while this factor favors transfer, the weight it is accorded is not great.

---

[3] Plaintiff states that he supplied an affidavit in support of his contention that "all other facts that brought about this suit happened in this District." (Doc. 75 at 22). No such affidavit was filed with the response, however.

Case No. 3:08cv114/MCR

<u>Plaintiff's Choice of Forum</u>

A plaintiff's choice of forum should not be disturbed unless his choice is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). As here, however, a plaintiff's choice of forum may properly be accorded lesser weight where the forum lacks a significant connection with the underlying claim or operative facts. *Gonzalez v. Pirelli Tire,* LLC, 2008 WL 516847 (S.D.Fla. 2008); *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F.Supp.2d 1290, 1310 (N.D.Ala. 2003).

<u>Trial Efficiency and the Interest of Justice</u>

In assessing whether transfer of venue is in the interest of justice, the court should consider the ability to join third-party defendants. *United States v. Casey*, 420 F.Supp. 273 (S.D. Ga. 1976); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 406 (S.D. N.Y. 2004) (stating that "[i]t is well established that the ability to implead a third-party in the proposed transferee forum and thereby resolve related claims in a single action weighs heavily in favor of transfer."). MLBPA contends that the owner and the operator of the parking lot are not subject to personal jurisdiction in the Northern District of Florida, and thus cannot be joined in this action as third party defendants, whereas in the Southern District of California the court could exercise personal jurisdiction over them. As noted, if plaintiff prevails on his claims the defendants' ability to join these parties should foreclose the need for the defendants to bring separate contribution or indemnity claims in California. Transferring this case therefore would result in the most efficient use of judicial resources. Additionally, although "[t]here is a local interest in having localized controversies decided at home," *Gulf Oil Corp.*, 330 U.S. at 509, this case has virtually no local connection.

Taking into consideration the totality of the circumstances of this case, the court finds that trial efficiency and the interest of justice would best be served through transfer to the Southern District of California. This factor weighs heavily in favor of transfer.

**Conclusion**

As set forth above, the court concludes that this action might have been brought in the Southern District of California and that the balance of § 1404(a) interests favors transfer to that forum. Accordingly, MLBPA's motion, to the extent it seeks transfer of venue, is GRANTED and this case shall be transferred to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404(a). All other pending

motions are DENIED as moot.

Accordingly, it is ORDERED:

1. Defendant Major League Baseball Players Association's motion (doc. 72), is GRANTED, to the extent the motion seeks transfer of venue; the motion is DENIED in all other respects as moot.

2. All other pending motions (docs. 69, 70, and 71) are DENIED as moot.

3. The clerk shall transfer this case to the United States District Court for the Southern District of California, San Diego Division, pursuant to 28 U.S.C. § 1404(a).

**DONE AND ORDERED** this 22nd day of April, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**